IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRI M. SCUDDER,

                Plaintiff,

   v.

THE FALL RIVER GROUP, INC.,

                Defendant.

ORDER

13-cv-200-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Terri Scudder had worked as a shipping and receiving clerk for defendant The Fall River Group, Inc. for several years when defendant terminated her employment on October 22, 2012.  Plaintiff contends that defendant violated the Family and Medical Leave Act, 29 U.S.C. § 2615, by interfering with her right to take FMLA leave and terminating her employment in retaliation for asserting her rights under the FMLA.  Now before the court is defendant's motion to dismiss plaintiff's retaliation claim (claim 2) under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a) on the grounds that plaintiff has failed to plead a claim for retaliation under Rule 8, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

      I am denying the motion.  To succeed on her FMLA retaliation claim, plaintiff must prove that (1) she engaged in a protected activity under the FMLA; (2) that defendant took a materially adverse action against her; and (3) that there is a causal connection between the two events.  Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 670 (7th Cir. 2011).  Although

defendant argues that plaintiff has not pleaded facts sufficient to show that she engaged in a protected activity or that defendant terminated her because of her protected activity, I disagree. In her complaint, plaintiff alleges that she notified defendant that she needed medical leave, Cpt., dkt. #1, at ¶¶ 12, 17 (a statutorily protected activity), and that defendant fired her the same day (a materially adverse action). Id. at ¶ 20. At this stage of the case, the allegations are sufficient to permit an inference of causation between the two. Thus, plaintiff has adequately pleaded a retaliation claim.

In her brief in opposition, plaintiff asks the court to grant her costs and fees incurred in responding to defendant's motion. She cites 29 U.S.C. § 2617(a)(3) as the basis for an award of fees, but that provision authorizes fees when a plaintiff prevails in an FLMA case. Plaintiff has succeeded in defeating defendant's motion, but she has not prevailed on her FMLA claims. Thus, she is not entitled to fees under that provision.

ORDER

IT IS ORDERED that defendant The Fall River Group, Inc.'s motion to dismiss plaintiff Terri Scudder's claim of retaliation under the Family and Medical Leave Act, dkt. #9, is DENIED. Plaintiff's request for costs and fees is DENIED.

Entered this 19th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge